**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

| | |
|---|---|
| BARUCH21 INVESTMENTS, LLC, a Florida corporation,<br><br>*Plaintiff*,<br>vs.<br><br>GILVANCI A DE OLIVEIRA SOUSA, an individual, BRZ CAPITAL MANAGEMENT, LLC, a Florida corporation, VALCO VENTURE HOLDINGS, INC., a BVI corporation, ZAHAV INVESTMENTS, LTD., a BVI corporation, GENNESYS OUTSOURCING SERVICES SS, a foreign corporation, and GENNESYS CONSULTING USA, LLC, a Florida corporation,<br><br>*Defendants*. | GENERAL JURISDICTION DIVISION |

# **COMPLAINT**

Plaintiff, BARUCH21 INVESTMENTS, LLC, sues Defendants, GILVANCI A DE OLIVEIRA SOUSA, an individual, BRZ CAPITAL MANAGEMENT, LLC, VALCO VENTURE HOLDINGS, INC., ZAHAV INVESTMENTS LTD., GENNESYS OUTSOURCING SERVICES SS, and

GENNESYS CONSULTING USA, LLC for breach of fiduciary duties, temporary and permanent injunction, breach of contract, and infringement of copyright, and in support thereof alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, BARUCH21 INVESTMENTS, LLC ("Baruch"), is a Florida limited liability company conducting business in Miami-Dade County, and is otherwise, *sui juris.*
2. Defendant, GILVANCI A DE OLIVEIRA SOUSA ("Sousa"), is an individual domiciled in Miami-Dade County, Florida, and is otherwise, *sui juris*.
3. Defendant, BRZ CAPITAL MANAGEMENT, LLC ("BRZ"), is a Florida limited liability company conducting business in Miami-Dade County, and is otherwise, *sui juris.*
4. Defendant, VALCO VENTURE HOLDINGS, INC. ("Valco"), is a BVI company conducting business in Miami-Dade County, and is otherwise, *sui juris.*
5. Defendant, GENNESYS OUTSOURCING SERVICES SS ("Gennesys Outsourcing"), is a Brazilian corporation conducting business in Miami-Dade County, and is otherwise, *sui juris.*
6. Defendant, GENNESYS CONSULTING USA, LLC ("Gennesys Consulting"), is a Florida limited liability company conducting business in Miami-Dade

County, and is otherwise, *sui juris.*

7. Defendant, ZAHAV INVESTMENTS, LTD. ("Zahav"), is a BVI company, conducting business in Miami-Dade County, and is otherwise, *sui juris.*
8. This Court has jurisdiction, pursuant to 17 U.S.C. § 501 of the Copyright Act.
9. Venue is appropriate in this judicial district under 28 U.S.C.A. § 1391(b).

## COMMON ALLEGATIONS

10. Baruch and Gennesys Consulting are equal fifty percent shareholders of BRZ.
11. Baruch is owned in its totality by Hernan Fuentes ("Fuentes") and Gennesys Consulting is owned in its totality by Sousa.
12. Fuentes is a professional who lectures on investment and compliance subjects at the top business schools in the United States of America, including at the programs of Wharton School/Family Business and Office School.
13. Sousa is a domestic and foreign business owner who does not possess a license to engage in business as a financial advisor in the United States of America and the British Virgin Islands.
14. In addition, Sousa does not possess a visa which permits him to conduct any business at all in the United States of America.
15. Furthermore, Sousa conducts business in the United States of America under the name "Dov Gilvanci Levi Najman Sousa," presumably to cloak his lack of a requisite license to offer financial advisement. *See* Business Card, attached

hereto as Exhibit A.

16. Prior to Baruch's partnership with Gennesys Consulting, Fuentes independently created, designed, and built the business model, which BRZ currently uses and operates under to provide financial mentoring, wealth management, philanthropic strategy planning, consolidated financial reporting, and advisory services.

17. This business model, evidenced and outlined on BRZ's website, which can be found at https://www.brzcapm.com/services, was built solely and uniquely by Fuentes.

18. In 2016, Sousa misrepresented himself to Fuentes as a licensed financial advisor.

19. Based on Sousa's misrepresentation, Fuentes agreed to partner with Sousa, through their corporate entities, Baruch and Gennesys Consulting, to offer financial investment advisement through BRZ.

20. This agreement was memorialized in an operating agreement ("Operating Agreement") between the parties. *See* Operating Agreement, attached hereto as Exhibit B.

21. Pursuant to the Operating Agreement, Sousa and Fuentes are each Managers of BRZ within the meaning of Fla. Stat. § 605.04091.

22. Thereafter, Fuentes discovered that Sousa was, in fact, unlicensed and had no

authority to solicit and arrange investment deals and offer financial investment advice - a business which is highly regulated by several federal governmental agencies, including but not limited to the SEC and FINRA.

23. Despite not possessing a license, Sousa inappropriately held himself out to the public and potential clients of BRZ as a licensed financial advisor.

24. Fuentes also discovered that Sousa was using BRZ's resources and Fuentes' reputation in the financial and business industry to solicit and divert prospective clients from BRZ to Sousa's own personal corporate entities, including but not limited to Valco, Zahav, and Gennesys Consulting.

25. In addition, Sousa illegally infringed on Fuentes' and BRZ's copyrights to the business model and intellectual property found on BRZ's website and copied it for use on Valco and Zahav's website, which can be found at http://valco-zahavinvestments.com, without Fuentes' permission and for his own personal benefit. *See* Composite Exhibit C.

26. As of the result of the matters described, Baruch was required to retain the services of the undersigned to represent it in this cause, and has bound and obligated itself to pay such firm a reasonable fee for its services.

**COUNT I**

**<u>Breach of Fiduciary Duty Pursuant to Fla. Stat. § 605.04091</u>**

27. Baruch repeats and realleges the Common Allegations above as if fully set forth herein.

28. Baruch sues BRZ and Sousa for violation of their fiduciary duty of loyalty and good faith to BRZ, pursuant to Fla. Stat. 605.04091.

29. At all times material hereto, Sousa was a director at BRZ and, as such, he owes a statutory fiduciary duty to BRZ.

30. BRZ and Sousa have taken corporate actions to benefit themselves to the exclusion of Baruch.

31. Specifically, Sousa has taken actions to divert potential clients of BRZ to Valco, Zahav, and Gennesys Consulting.

32. Sousa has also held himself out as a financial advisor to potential and current clients, when he does not possess the requisite license to do so.

**WHEREFORE**, Plaintiff, Baruch demands judgment against Defendants, BRZ and Sousa for breach of fiduciary duty, for attorneys' fees, costs and any other and further relief this Court deems just and proper.

## COUNT II
## Temporary and Permanent Injunction

33. Baruch repeats and realleges the Common Allegations above as if fully set forth herein.

34. Baruch sues BRZ, Valco, Zahav, Gennesys Consulting, and Sousa for a temporary and permanent injunction.

35. Sousa, as a director of BRZ, actively engages in communication with prospective and current clients of BRZ as a financial advisor without having the

requisite license to do so.

36. In addition, Sousa uses BRZ's resources and Fuentes' reputation to engage those prospective clients and divert them to his own corporate entities, including but not limited to Valco, Zahav, and Gennesys Consulting, for his own personal benefit.

37. Because these actions are likely to lead to permanent damage to Baruch and BRZ's client relationships, reputation, and goodwill, there is a likelihood of irreparable harm for which there is no adequate remedy at law.

38. Baruch has a substantial likelihood of success on the merits.

39. The threatened injury to Baruch outweighs the possible harm to the Defendants and an injunction should be granted.

40. The granting of an injunction will not disserve the public interest.

**WHEREFORE**, Plaintiff, Baruch demands judgment for a temporary and permanent injunction which orders the Defendants, BRZ, Valco, Zahav, Gennesys Consulting, and Sousa to cease communications with current, former, and potential clients of BRZ for the purpose of soliciting business for their own personal benefit, as well as attorneys' fees, and any other and future relief this Court deems just and proper.

**COUNT III**
**<u>Breach of Contract</u>**

41. Baruch repeats and realleges the Common Allegations above as if fully set forth

herein.

42. Baruch files this derivative claim on behalf of BRZ against Gennesys Outsourcing for breach of contract.

43. Baruch asserts that Gennesys Outsourcing shares common control with Gennesys Consulting. Each are completely controlled by Sousa. Sousa has a 50% interest as a manager and member of BRZ.

44. As such, it would be futile to demand that he vote to sue his own company, within the meaning of Fla. Stat. § 605.0802(b).

45. The Investment Sub-Advisory Agreement ("Advisory Agreement") is a valid contract entered into between BRZ and Gennesys Outsourcing. *See* Advisory Agreement, attached hereto as Exhibit D.

46. Baruch is a 50% shareholder of BRZ along with Gennesys Consulting.

47. Pursuant to Schedule II of the Advisory Agreement, BRZ Capital Management is to be paid $15,000.00 per month by Gennesys Outsourcing for investment management of client accounts.

48. Gennesys Outsourcing paid the specified amount for the first two (2) months of the agreement - September and October of 2016.

49. BRZ has not received payment for services rendered from November 2016 to the present.

50. BRZ has continued to perform its obligations to Gennesys Outsourcing, as per

the terms of the Advisory Agreement, despite non-payment by Gennesys Outsourcing.

51. Therefore, BRZ has been damaged by the actions of Gennesys Outsourcing and is owed payment for services rendered by BRZ from November 2016 through the present.

**WHEREFORE**, Plaintiff, Baruch demands judgment against Gennesys Outsourcing for damages, costs, attorneys' fees, pre-judgment interest, and such other relief as the Court deems just and proper.

**COUNT IV**
**Breach of Contract**

52. Baruch repeats and realleges the Common Allegations above as if fully set forth herein.

53. Baruch sues Gennesys Consulting for violation of the Operating Agreement §6.12(k) and §6.12(t).

54. Specifically, Gennesys Consulting, under the total operation and control of Sousa, diverted clients from BRZ to Gennesys Consulting, Zahav and Valco, in violation of the Operating Agreement §6.12(k).

55. Gennesys Consulting also refused to agree to and approve the filing of the necessary tax returns for BRZ under federal law and in violation of the Operating Agreement §6.12(k).

56. In addition, Gennesys Consulting, under the total operation and control of

Sousa, engaged in business and transactions substantially related to the business of BRZ in conjunction with Valco and Zahav, in violation of Operating Agreement §6.12(t).

57. Therefore, Gennesys Consulting is in breach of the Operating Agreement with BRZ.

58. BRZ has been damaged by the actions of Gennesys Consulting.

**WHEREFORE**, Plaintiff, Baruch demands judgment against Gennesys Consulting for damages, costs, attorneys' fees, pre-judgment interest, and such other relief as the Court deems just and proper.

**COUNT V**
**Copyright Infringement**

59. Baruch repeats and realleges the Common Allegations above as if fully set forth herein.

60. Through their conduct averred herein, Valco and Zahav have infringed BRZ's copyright of the material found on BRZ's website in violation of Section 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

61. Valco and Zahav's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to BRZ's rights.

62. As a direct and proximate result of said infringement by Valco and Zahav, BRZ is entitled to damages in an amount to be proven at trial.

63. BRZ is also entitled to Valco and Zahav's profits attributable to the

infringement, pursuant to 17 U.S.C. § 504(b).

64. BRZ is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

65. As a direct and proximate result of the foregoing acts and conducts, BRZ has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. BRZ believes that unless enjoined and restrained by this Court, Valco and Zahav will continue to infringe BRZ's rights in the protected material. BRZ is entitled to preliminary and permanent injunctive relief to restrain and enjoin Valco and Zahav's continuing infringing conduct.

**WHEREFORE**, BRZ demands judgment against Valco and Zahav for damages in such amount as may be found, or as otherwise permitted by law, for an accounting of Valco and Zahav's profits attributable to their infringements of BRZ's copyright of the material found on BRZ's website, for a preliminary and permanent injunction prohibiting Valco and Zahav, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe BRZ's copyright, costs, attorneys' fees, pre-judgment interest, and such other relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

66. Baruch demands trial by jury on all issues so triable.

Respectfully submitted,

**BARAKAT LAW, P.A.**
2701 PONCE DE LEON BLVD., SUITE 202
CORAL GABLES, FLORIDA 33134
TEL (305) 444-3114
FAX (305) 444-3115

BY: **s/ BRIAN BARAKAT**
BRIAN BARAKAT
FLORIDA BAR NUMBER 457220
brian@triallawmiami.com
service@triallawmiami.com